OPINION
Defendant-appellant Donald W. Harlow appeals from his classification as a sexual predator, following his plea of guilty to two counts of Illegal Use of a Minor in Nudity-Oriented Material or Performance, two counts of Pandering Sexually Oriented Matter involving a Minor, one count of Possession of Criminal Tools, two counts of Unlawful Possession of a Dangerous Ordnance, one count of Sexual Battery, and two counts of Corruption of a Minor. Harlow contends that the sexual predator classification is not supported by the evidence, and is against the manifest weight of the evidence. Upon our review of the record, we are satisfied that the trial court had an adequate basis in the record for Harlow's sexual predator classification. Accordingly, the judgment of the trial court is Affirmed.
 I
Harlow was originally charged by indictment with eighteen counts of the Illegal Use of a Minor in Nudity-Oriented Material or Performance. As part of a plea bargain, he pled guilty to a bill of information containing the ten counts described above, and the charges in the indictment were dismissed.
Following a sexual offender classification hearing, Harlow was classified as a sexual offender, and was sentenced for the offenses to which he pled guilty. Harlow appeals only from his classification as a sexual predator.
 II
Harlow's sole assignment of error is as follows:
 THE FINDING THAT APPELLANT WAS A SEXUAL PREDATOR SHOULD BE REVERSED BECAUSE THE EVIDENCE TO SUPPORT THAT FINDING WAS INSUFFICIENT AND, IN ADDITION, THE FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Harlow contends that the evidence at the sexual offender classification hearing is insufficient to support the trial court's finding, by clear and convincing evidence, that he is a sexual predator. Harlow also contends that the sexual predator classification is against the manifest weight of the evidence.
Although the trial court did not explain its reasons for the classification in writing, it did discuss its reasoning orally, at the conclusion of the hearing, as follows:
 As to the matter of your sexual designation, the Court finds by clear and convincing evidence that you are to be categorized as a sexual predator. That designation is based upon a determination pursuant to division B, section 2950.09, including but not limited to the following factors.
 The offender's age. The offender is now 32. In looking at the bill of information to which the defendant pled guilty to, this involves sexual activity going back until 1990; and, therefore, the defendant has demonstrated these type of illegal sexual activities with minors from at least the age of 22.
 The presentence investigation and report talks about going back 15 years. But since we didn't have a trial on this, I chose to stick specifically to the bill of information. And, in fact, the defendant did plead guilty to offenses that happened over the last ten years.
 While the offenders [sic] has not had a prior criminal record, again, the PSI talks about, or the bill of information to which the defendant pled, talks about criminal offenses in 1996 and 1998 and 1990. And I do not believe that that section B is meant to reward someone for not getting caught earlier. So, I believe that clearly the criminal offenses going back to 1990 show the evidence of a sexual predator.
 The age of the victims, again, were between 13 and 18, one of the factors to be considered. And there were multiple victims.
 And alcohol and drugs were used to impair the victims in some of these offenses. There is some indication of threats to parents and threats to some of the children involved. But again that is in the PSI. So that's not one of the factors that I put great weight in, since we have not had testimony on that.
 As to additional factors, another one I considered is the fact that the defendant is in total denial. He has pled guilty to ten offenses, seven of which are of a sexual nature. All seven involving minors. Three of them involving sexual conduct. One when he was in the role of in loco parentis to one of the victims. And yet in both the presentence investigation and comments you made to the probation officer and to the psychologist, he indicates that, or sir, you indicate that you weren't involved with any of the youths for any reason.
 In fact, one concern I have is that the forensic evaluation seems to indicate only the offenses involving asking 13 year old boys to pose in various states of dressing, nudity and being shown pornographic videos, knowing of the various counts to which the defendant pled. Sir, you pled guilty. Then you said you didn't do anything. If you don't face your problems, then you are more likely in being a predator again.
 In addition to the factors, I stated and in addition to the ones that are too numerous to mention, you are one of the most clear examples of a sexual predator that I've seen since this law has come out.
Whereupon, the trial court found Harlow to be a sexual predator. Harlow relies upon the testimony of an expert witness he called at the sexual offender classification hearing. This was the only witness at the hearing. After going through the statutory factors and other matters, Harlow elicited from this witness the conclusion that Harlow "is at least an average risk to be successful, even on probation," presumably meaning successful in avoiding recidivism.
The task of determining whether a sexual offender is likely to reoffend — the definition of a sexual predator pursuant to R.C. 2950.01(E) — is for the trial court. The trial court may find the testimony of expert witnesses to be helpful, but it is for the trial court, not the expert witness, to make the ultimate determination. We have reviewed the evidence in the record, and we find compelling the trial court's expressed reasoning for finding Harlow to be a sexual predator.
At one point in his brief, Harlow objects to the trial court's statement that: "I do not believe that section (B) is meant to reward someone for not getting caught earlier," as being an improper reference to offenses of which Harlow had not been convicted. It is clear from the immediately preceding sentence in the transcript that the trial judge was referring to Harlow's offenses in 1990, 1996 and 1998, which were all charges in the bill of information to which Harlow pled guilty. In fact, the trial court discounted a reference in the pre-sentence investigation report to other offenses, since they were not the subject of testimony at the hearing.
Like the trial judge, we are struck by the fact that these offenses, the offenses to which Harlow pled, were committed over a period of several years, that they involved multiple child victims, and that Harlow is in a state of denial with respect to his history of committing sexual offenses. These are circumstances that, in our view, justify the trial court's conclusion that Harlow is likely to commit further sexual offenses in the future.
Harlow's sole assignment of error is overruled.
 III
Harlow's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 _______________ FAIN, J.
BROGAN and YOUNG, JJ., concur.